## McBRAYER v WHARTON

Ohio Appeals, 9th Dist, Summit Co
No 1802. Decided Nov 14, 1930

Donald Gottwald, Akron, for McBrayer.
R. H. Nesbitt, Akron, for Wharton.

WASHBURN, J.

After a careful consideration of the record we are clearly and unanimously of the opinion that the hypothetical question was not open to objection upon the ground that it did not fairly present the case. The general rule is that an expert may be asked what would be his judgment upon all or any prescribed part of the facts as to which evidence has been received or which have been admitted, and the party in propounding his hypothetical question is not required or expected to include therein an assumption of facts on the theory of his adversary, but is permitted to so frame his question as to reflect his own theory, provided there is some proof or admission as to all the facts assumed.

While such is the general rule, it is recognized in some jurisdictions that when the consideration of a certain fact is essential to the formation of an intelligent opinion concerning the matter, and there is some evidence of such fact, a hypothetical question which excludes such fact should not be permitted; but as has already been said, we are of the opinion that the case at bar does not fall within that class of cases.

The question did assume facts relative to the condition of the heart of the child; it included a statement as to the temperature, pulse and respiration of the child at various times and the statement of the defendant that "the medicine I gave her was too strong for her heart and she is going to die," and a detailed statement of the treatment of the child and the medicines administered, which included heart stimulants frequently administered.

It may be that the cross-examination weakened the weight to be given to the opinion expressed by said expert, but it did not destory the same as a matter of law. The plaintiff had a right to have that evidence considered by the jury and to have the jury determine whether, considering all that the expert said on cross-examination, his opinion as an expert was entitled to any weight.

We are of the opinion that the court erred in expunging said evidence from the record and in not permitting a re-examination of said expert as to whether he understood said question asked on cross-examination and meant to answer it as he did.

It follows that the trial judge was right in permitting said hypothetical question to be answered, and that he was thereafter wrong in expunging the answer thereto from the record and refusing the plaintiff an opportunity to ascertain from the witness whether he understood and intended to answer as he did the questions propounded to him upon cross-examination.

If the court was wrong in expunging said evidence and said evidence should be considered as in the case, then it is conceded that there was sufficient evidence in the record to require submission of the case to the jury, and hence the court committed error in directing a verdict for the defendant.

Strictly speaking, it is not necessary for us to say anything more in disposing of this case, but counsel on both sides have argued the question of whether or not there was sufficient evidence in the reecord, exclusive of the expert testimony, to carry the case to the jury.

While our judgment upon this question may not be of any assistance in a retrial of the case because the evidence may not be the same upon a retrial, we are willing, insomuch as counsel on both sides have requested it, to express our opinion upon the sufficiency of the evidence in the record to take the case to the jury regardless of the expert testimony.

It should be noted that the charge made against the defendant is not simply that of neglect; the charge is that he wilfully and maliciously abused and misterated the child, and some of the nonexpert evidence in the record at least tends to prove that charge.

There was evidence tending to show that the child was desperately ill, having both measles and pneumonia; that during the night previous to its death about 8 o'clock in the morning, it was necessary to administer heart stimulants frequently; that the defendant had said that he had prescribed medicine that was too strong for the child's heart and he must have understood how absolutely necessary it was that the child should not be roughly handled or excited; that shortly before 8 o'clock the defendant while in the room and close to the bed of the child, had an altercation with the

father of the child, growing out of the fact that the father had the child treated during the night by an osteopath; that the defendant jerked the bed clothes off the child and roughly raised its leg and bent one of its toes and used loud and very profane language, upbraiding the father for permitting the osteopath to treat the child and predicting that the child would die— this all in the presence and hearing of the child; that the defendant then left the room, violently slamming the door; that as the door slammed the child gave an exclamation and almost immediately showed synosis, getting blue across the face and her nose becoming pinched, and went into convulsions and died within five minutes and before the doctor's car left the premises.

We are of the opinion that, disregarding the expert testimony, there is sufficient evidence in the record, only a part of which has been mentioned, to have required the case to be submitted to the jury upon the charge made in the petition.

For error in expunging said evidence from the record and directing a verdict for the defendant, the judgment is reversed and the cause remanded to the Common Pleas Court.

Funk, PJ, and Pardee, J, concur.